IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv326-SRW |
| ) | WO |
| RAVE MOTION PICTURES, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

Upon consideration of defendant's motion to exclude witnesses (Doc. #66), and for good cause, it is

ORDERED that the motion be and hereby is GRANTED in part and DENIED in part as follows:

1. The motion is DENIED as moot as to James, L. Chillous, O. Chillous, Dorch, Douglas, Stovall, Clark, McQueen, Russell, Tillman, and Sackie based on plaintiff's counsel's representation that he does not intend to call these witnesses to testify at trial.

2. The motion is DENIED as to Kenya Harris. Harris is not clearly a subject of the motion to exclude, as his name is not on the list of 12 witnesses whom defendants contend should be precluded from testifying at trial. See Motion at 3, 6, 9 (list of 12 witnesses for whom defendants seek exclusion of testimony); 5 (requesting exclusion

of the "previously undisclosed twelve (12) witnesses").[1] In addition, plaintiff's initial disclosure listed as potential witnesses:

[a]ny other current and/or former supervisor or co-employee of defendant Marc Bryant; and/or, any current or former employee of defendants Rave Motion Pictures who has information related to plaintiff's claims or defendant's defenses. These individuals, whose names or addresses are available to the defendants, have knowledge of the work performance of the plaintiff, her peers and supervisors, and the wrongful treatment complained of by the plaintiff.

It is undisputed that Harris is both a former and current employee of defendant Rave Motion Pictures. The details of Harris' possible testimony apparently became known to plaintiff when a copy of a hotline complaint from Harris[2] was produced to plaintiff by the defendants on May 25, 2006, well after plaintiff's initial disclosures and responses to interrogatories were served on October 31, 2005 and November 11, 2005, respectively. See plaintiff's response to motion to strike (Doc. # 62 at 2). Although plaintiff arguably should have supplemented her disclosures with Harris' name thereafter, nothing in the record suggests that her failure to do so was other than an honest oversight, as opposed to an overt attempt to deceive the defendants, who obviously were already aware of Harris and his complaint. See Stallworth v. E-Z

---

[1] Harris is mentioned in this motion, but defendants' references to him (pages 3, 6 (n. 18) and 7) do not request any relief relating to his proposed testimony. At most, on page 6, n. 18, defendants indicate that "Ms. Dixon also failed to disclose the identity of proposes [sic] witnesses Tammy Thomas and Kenya Harris," and, on page 7, defendants allege without further argument that "Ms. Dixon's last minute disclosure of Ms. [sic] Harris's and Ms. Thomas's identities has harmed the Defendants."

[2] The hotline complaint, which is attached as Exhibit B to plaintiff's response to the motion to strike, does not identify the complainant by name. However, the complaint contains ample identifying information for all parties in this case to know, or to learn quickly with minimal investigation, the identity of the caller.

      Serve Convenience Stores, 199 F.R.D. 366, 369 (M.D. Ala. 2001); Burney v. Rheem Mfg. Co., Inc., 196 F.R.D. 659, 692 (M.D. Ala. 2000). Indeed, despite thorough knowledge of Harris' likely testimony from both his hotline complaint and his summary judgment affidavit, defendants admitted during the pretrial conference that they have never even sought to interview Harris, although he remains a Rave employee to this day.  Accordingly, the court cannot conclude that defendants were deprived, by plaintiff's failure to name Harris specifically in a supplement to its disclosures, of a meaningful opportunity to investigate Harris' allegations.[3] Plaintiff's omission of Harris' name is harmless, and it should not give rise to the sanction of exclusion under Fed.R. Civ. P. 37(c)(1).[4]

3.      The motion is GRANTED as to DeWayne Jackson. Jackson was mentioned briefly in plaintiff's deposition (page 186), but he is not a current or former employee of defendants, and his name was not listed in plaintiff's disclosures or answers to interrogatories.  The substance of Jackson's proposed testimony is not known to defendants, other than the fact that plaintiff spoke to Jackson, as her pastor, about her employment situation.  Jackson's address and telephone number were not timely provided to the defendant.[5]  Plaintiff has not shown sufficient knowledge by the

---

[3] The court notes that the hotline complaint itself proposes "Follow-up Contact" on September 20, 2004.

[4] However, the court has given defendants leave to use documents from Harris' personnel file to impeach Harris at trial, whether or not those were previously disclosed to plaintiff.

[5] The address of Jackson's church was mentioned in plaintiff's deposition, but not his private address nor any telephone number.  Jackson was not discussed as a possible witness in the deposition.

defendants of Jackson's whereabouts or his testimony to establish that her omission was harmless and to preclude exclusion of this witness' testimony under Fed.R. Civ. P. 37(c)(1).  Accordingly, Jackson may not be called to testify at trial.

DONE, this 3rd day of November, 2006.

                                            /s/ Susan Russ Walker
                                            SUSAN RUSS WALKER
                                            UNITED STATES MAGISTRATE JUDGE