IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05CV326-SRW |
| ) | (WO) |
| RAVE MOTION PICTURES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is before the court plaintiff's motion to reconsider filed on Friday, November 3, 2006 (Doc. # 106) and defendant's response filed November 5, 2006 (Doc. # 108). Plaintiff asks the court to reconsider its ruling on summary judgment as to plaintiff's claim for retaliation. Plaintiff argues that there is evidence of record which, viewed in the light most favorable to the plaintiff, would support a jury finding that plaintiff had a reasonable and objective basis for her belief that Bryant was discriminating against plaintiff and other black employees, and that she complained of race discrimination at the Montgomery Rave theater. Plaintiff further argues that she is entitled to proceed to trial on her retaliation claim on the "perception" theory of retaliation, *i.e.,* that defendants fired her because they believed that she had or was going to engage in protected activity. After careful consideration of the motion, the court concludes that the motion to reconsider is due to be denied for several reasons.

First, in the first three paragraphs of the motion to reconsider, plaintiff merely rehashes argument which was presented on the motion for summary judgment and considered

by the court its memorandum opinion. In that opinion, the court set forth the evidence regarding plaintiff's complaints of discrimination and explained how that evidence fell short of meeting plaintiff's burden in opposing the summary judgment motion. (See Memorandum Opinion, Doc. # 97, pp. 24-31). The present motion to reconsider does not present the court with an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice so as to warrant reconsideration. See Summit Medical Center of Alabama, Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir.1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 2006 WL 2085240, *10 (N.D.Ala. 2006) ("In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly."); Morgan v. North Mississippi Medical Center, Inc., 2005 WL 3593680, *1 (S.D.Ala. 2005) (same).

Second, plaintiff's argument that she is entitled to proceed on her retaliation claim on the "perception" theory of retaliation is new. As defendants argue, plaintiff does not allege in her complaint that she was terminated because of defendants' perception that she had engaged in protected activity; rather, she alleges that defendants "perpetrated, condoned and permitted adverse actions against the Plaintiff . . . on account of her opposition to their unlawful activities. (Amended Complaint, ¶ 24). She further alleges that "by her actions in

making charges of discrimination on the basis of race . . . opposed these unlawful discriminatory practices by the Defendants," and that "Defendants retaliated against Plaintiff . . . because of her opposition to these unlawful practices." (Id., ¶ 25).

Finally, plaintiff raised no "perception theory" argument in her response to the summary judgment motion. (See Plaintiff's brief, Doc. # 53, at pp. 23-24).[1] In her responsive brief, plaintiff argued only that the evidence showed that she had actually engaged in protected activity, not – as she argues now – that "a defendant may be held liable for taking retaliatory actions even if the plaintiff never actually participated in protected activity if there is evidence from which the jury could conclude that the defendant believed that such activity was being planned or had taken place." (Motion to reconsider, p. 3). Plaintiff may not use a motion to reconsider to present new arguments or theories of law. See Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir.1997) ("This circuit has held that a motion to reconsider should not be used by the parties to set forth new theories of law."); Groover v. Michelin North America, Inc., 90 F.Supp.2d 1236, 1256 (M.D. Ala. 2000) ("Motions for reconsideration generally serve a very narrow function: they are designed solely to correct manifest errors of law or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion ....Because 'litigants cannot be repeatedly called upon to backtrack through the paths of litigation,' reconsideration of a previous order is an extraordinary remedy to be employed sparingly.... Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for

---

[1] As defendants argue, the Eleventh Circuit has not considered or adopted this theory of retaliation.

a motion for reconsideration.")(citations omitted).[2]

Accordingly, and for good cause, it is

ORDERED that the plaintiff's motion to reconsider (Doc. # 106) is DENIED.

DONE, this 6th day of November, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2] Additionally, just as the September 5, 2004 e-mail on which plaintiff bases her argument lacked sufficient specificity to demonstrate that plaintiff's complaints *actually* constituted protected activity (see Memorandum Opinion, pp. 26-27), it also lacks sufficient detail to permit the inference that Bryant or Walker *perceived* that plaintiff was voicing complaints to employees about facts which would give rise to an objectively reasonable belief of discrimination, or that she was encouraging other employees to e-mail the corporate office about conduct which would give rise to an objectively reasonable belief of discrimination. In the "opposition clause" context, an employee without such an objectively reasonable belief has not engaged in protected conduct. See Clover v. Total System Services, Inc., 176 F.3d 1346, 1350-52 (11th Cir. 1999). As plaintiff acknowledges, even under the "perception" theory, a plaintiff must demonstrate that the employer acted based on its belief that the employee had engaged in "protected conduct." See Motion to Reconsider, p. 3; see also Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 572 (3rd Cir. 2002)("[I]f Greg can show . . . that adverse action was taken against him because Mercy thought that he was . . . *engaging in protected activity*, it does not matter whether Mercy's perception was factually correct."). Thus, even if the court were to consider plaintiff's belated "perception" theory argument, that argument would not change the court's decision on summary judgment.