IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05CV326-SRW |
| ) | (WO) |
| RAVE MOTION PICTURES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

In this employment discrimination action, a jury rendered a verdict against plaintiff Sharon Dixon and in favor of defendants Rave Motion Pictures, Inc.; Rave Motion Pictures Montgomery, LLC; and Marc R. Bryant on November 9, 2006. The court entered judgment on November 14, 2006. This action is presently before the court on the motion for judgment notwithstanding the verdict or, in the alternative, for a new trial filed by plaintiff on November 22, 2006 (Doc. # 118).

During the trial, plaintiff's witness Tammy Thomas testified that she was employed by Rave from 2003 to 2004 and that defendant Bryant told her – while she was taking a break in front of the theater – that he was going to get rid of the black managers at the theater. She testified that Brett Pettit was "out front with [Thomas and Bryant]," but that he was "down on the step area" and that she did not know whether or not Pettit heard the conversation. (Thomas testimony, Exhibit B to Doc. # 120, pp. 2-5, 9-10). Plaintiff and defendants later stipulated that, if Thomas were recalled as a witness, she would testify that Bryant's comment occurred in late January or early February 2004. (Court's Exhibit 2).

> Pettit, defendants' witness, testified as follows:
>
> Q. Mr. Pettit, do you – do you recall an incident in which you were standing outside of the theater on a smoke break with Mr. Bryant and Ms. Thomas --
>
> A. Yes.
>
> Q – wherein – do you recall whether or not Mr. Bryant made a comment that he intended to fire all of the black managers?
>
> A. No.
>
> Q. Did you ever hear him make any statement like that?
>
> A. No, I have not.

(Pettit testimony, Exhibit 1 to Doc. # 118, p. 8).

With the present motion, plaintiff has filed a copy of an "Employee Payroll Notice/New Hire Form" indicating that Pettit was hired by defendant's Montgomery theater on February 20, 2004. (Exhibit 2 to Doc. # 118). Plaintiff argues that, because Pettit did not begin his employment at the Montgomery Rave Theater until February 20, 2004, he could not have been present during the relevant conversation between Bryant and Thomas, which the parties stipulated occurred in late January or early February 2004. She contends that Pettit's testimony was, therefore, "facially false," and that defendants' presentation of this false evidence requires that the court grant judgment in her favor or order a new trial.

Plaintiff's argument that Pettit's testimony is "facially false" is unpersuasive. Pettit's testimony that he recalled taking a smoke break with Bryant and Thomas and that he did not hear Bryant make a statement that he intended to get rid of black managers does not conflict with his February 20, 2004 date of employment. Pettit may have taken any number of smoke

2

breaks with Bryant and Thomas after he began working at the Montgomery Rave theater, and he did not testify as to the date of any such smoke break. The stipulation on which plaintiff rests her argument is a stipulation of expected testimony, not a stipulation of fact. The parties agreed that Thomas would testify that Bryant made the statement in late January or early February of 2004. Additionally, the stipulation is as to Thomas' testimony, not Pettit's. To the extent there is any conflict between Thomas' testimony and Pettit's, the conflict was one for the jury to resolve.

  Plaintiff made no Rule 50(a) motion before submission of the case to the jury. Thus, she cannot now claim entitlement to a judgment notwithstanding the verdict under Rule 50(b). See Redd v. City of Phenix, 924 F.2d 1211, 1214 (11th Cir. 1991). Additionally, plaintiff has not proven fraud by clear and convincing evidence as required to sustain a motion under Rule 60(b)(3) and has not shown the existence of new evidence satisfying the standard of Rule 60(b)(2). See Willard v. Fairfield Southern Co., Inc., ___ F.3d ___, 2006 WL 3590048, *5 (11th Cir. Dec. 12, 2006); Scutieri v. Paige, 808 F.2d 785, 794 (11th Cir. 1987); Exhibit A to Doc. # 120 (Pettit's personnel form provided to plaintiff's counsel by defendants' counsel on May 23, 2006). The court finds no basis for relief under any other provision of Rule 60.

  Accordingly, it is

  ORDERED that plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial (Doc. # 118) is DENIED.

  DONE, this 14th day of December, 2006.

3

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE